E. H. WARNER v. THE CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant.

**Water Course:** UNLAWFUL DIVERSION.  The fact that water was standing on plaintiff's land at the time of the wrongful diversion of other water by defendant onto his land would not necessarily defeat plaintiff's recovery.

*Appeal from Tama District Court.*—HON. OBED CASWELL, Judge.

SATURDAY, APRIL 11, 1903.

ACTION to recover damages for the overflow of land. Trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals. —*Affirmed.*

*Hubbard, Dawley & Wheeler* for appellant.

*Caldwell & Walters* for appellee.

SHERWIN, J.—The testimony shows that the water flowing down Jackson creek was diverted on to the plaintiff's land by reason of the insufficient passageway therefor through the defendant's roadway, and on account of a ditch running east on its right of way. The plaintiff was entitled to such damages only as he could prove were caused by this overflow of his land, and, if the water diverted from Jackson creek on to his land commingled with water which had reached there from some other source, it was for him to prove the damage caused by the water from the

creek.  The fact that water from the hills north of his land flowed thereon, or that some was already standing on the land at the time of the overflow of the creek, would not necessarily defeat a recovery, for the testimony tends to show that this natural flow of water had never seriously interfered with the cultivation of the plaintiff's land, and had never destroyed the grass, or prevented a fair crop thereon.  If the jury believed such to be the case, it was justified in finding that the additional volume of water thrown on to the land from the creek was the cause of its condition later in the season.  It is also a matter of common observation that a large volume of water standing upon land will more thoroughly saturate it than a small amount.  The instructions complained of seem to us to announce correct principles of law, and to be in harmony with the decisions.  As we have already said there was testimony before the jury upon which the instructions were based, and we think they were properly given; and; in our judgment those given, sufficiently covered the instructions asked by the defendant, and there was, therefore, no error in refusing to give those asked.

The single question to the witness Youngerman on cross-examination was not of great importance one way or the other.  He might properly have been permitted to answer it, but we will not reverse because of the ruling.

The judgment is AFFIRMED.